**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARTIN HILL** | **CIVIL ACTION** |
| **VERSUS** | **NO.  07-3463** |
| **LYNN COOPER, WARDEN** | **SECTION "K"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2).[1]

I.      **Factual Background**

The petitioner, Martin Hill ("Hill"), is a convicted inmate presently incarcerated in the Avoyelles Correction Center in Cottonport, Louisiana.[2]  Hill filed this federal habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging two convictions in Jefferson Parish, Louisiana, in Case Nos. 04-3442 and 04-4827.  With its response, the State submitted a copy of the record for Case No.

---

[1]Under Title 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

04-3442 but not for Case No. 04-4827. Nevertheless, the record before the Court and the opinions of the Louisiana Fifth Circuit Court of Appeal are sufficient for this Court to rule on Hill's petition.

On May 17, 2004, Hill was charged by Bill of Information in Jefferson Parish Case No. 04-3442 with distribution of cocaine.[3] He was later charged by separate Bill of Information in Jefferson Parish Case No. 04-4827 for distribution of cocaine within 1,000 feet of a school or church.[4] Hill entered pleas of guilty in each case on May 24, 2006.[5]

After waiver of legal delays, the Trial Court sentenced Hill that same day to serve 15 years at hard labor in No. 04-4827, with the first two years to be served without benefit of parole, probation, or suspension of sentence.[6] In No. 04-4827, the Trial Court also adjudicated him to be a multiple offender and sentenced him to serve 15 years in prison without benefit of parole, probation, or suspension of sentence.[7] The Court ordered that the sentences run concurrently.

Hill did not immediately appeal either conviction. However, on June 3, 2007, he filed a writ application related to both convictions in the Louisiana Fifth Circuit challenging the multiple offender sentence.[8] The Court granted the writ for the sole purpose of transferring it to the Trial Court for consideration.[9]

---

[3] St. Rec. Vol. 1 of 1, Bill of Information, 5/17/04.

[4] *State v. Hill (Hill I)*, No. 09-KA-80, 2009 WL 1464235, at *1 (La. Ct. App. May 26, 2009).

[5] St. Rec. Vol. 1 of 1, Plea Minutes, 5/24/06; Transcript, 5/24/06; *Hill I*, 2009 WL 1464235, at *1.

[6] St. Rec. Vol. 1 of 1, Transcript, 5/24/06; *Hill I*, 2009 WL 1464235, at *1.

[7] St. Rec. Vol. 1 of 1, Minute Entry, 5/24/06; Multiple Bill, 5/24/06; Transcript, 5/24/06.

[8] St. Rec. Vol. 1 of 1, 5th Cir. Writ Application, 07-KH-404, 6/3/07.

[9] St. Rec. Vol. 1 of 1, 5th Cir. Order, 07-KH-404, 6/22/07.

Upon its review, the Trial Court was unable to determine what motion it was asked to address or what relief Hill was seeking.[10] The Court ordered Hill to supplement the record within 30 days with a motion. Hill failed to do so.

Sometime after the State filed its response to Hill's federal habeas corpus petition on October 15, 2007, the State Trial Court granted Hill an out-of-time appeal in each of his cases.[11] Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Hill's appointed counsel filed a brief in each appeal certifying that there were no non-frivolous issues to raise on appeal.[12] The Louisiana Fifth Circuit agreed and affirmed the convictions in separate opinions issued May 26, 2009.[13]

Hill did not seek further review of the appellate court's decisions. His convictions both became final thirty days later, on June 25, 2009. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (under federal habeas law, a conviction and sentence are final when the state defendant does not timely proceed to the next available step in the state appeal process); La. S.Ct. R. X§5(a) (an application seeking review of the judgment of the court of appeal shall be filed or postmarked within 30 days of the issuance of the appellate court's judgment); *see also*, *Jiminez v. Quarterman*, __ U.S.__, 129 S. Ct. 681, 686-87 (2009) (where a state court grants a criminal defendant the right to file an out-of-time appeal during state collateral review, his judgment is not yet final for purposes of seeking federal habeas review).

---

[10]St. Rec. Vol. 1 of 1, Trial Court Order, 7/12/07.

[11]*Hill I*, 2009 WL 1464235, at *1; *State v. Hill (Hill II)*, No. 09-KA-89, 2009 WL 1464174, at *1 (La. Ct. App. May 26, 2009).

[12]*Hill I*, 2009 WL 1464235, at *1. Under *Anders*, appellate counsel can move to withdraw after making a conscientious review of the record and certifying that there are no non-frivolous issues to be raised on appeal.

[13]*Hill I*, 2009 WL 1464235, at *1; *Hill II*, 2009 WL 1464174, at *1.

## II.     Federal Petition

On June 27, 2007, the clerk of this Court filed Hill's petition for federal habeas corpus relief in which he alleges that he was denied effective assistance of counsel in both criminal cases.[14]  The State filed a response in opposition to Hill's petition arguing that he failed to exhaust state court remedies.[15]

## III.     Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[16] applies to this petition, which is deemed filed in this court under the federal mailbox rule on May 22, 2007.[17]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c) (2006)).

---

[14]Rec. Doc. No. 1.

[15]Rec. Doc. No. 11.

[16]The AEDPA comprehensively revised federal *habeas corpus* legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[17]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including *habeas corpus* petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting *pro se*.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Hill's federal habeas petition on June 27, 2007.  Hill dated his signature on the memorandum attached to the original form petition on May 22, 2007.  Hill submitted later-dated pleadings when correcting certain deficiencies in the original packet of documents received by the clerk on May 29, 2007.  The Court considers May 22, 2007, to be the earliest date on which he could have submitted the original set of pleadings to prison officials for mailing.

In this case, the State argues that Hill's petition contains an unexhausted claim and must be dismissed for that reason. The Court's review of the record confirms that Hill's petition should be dismissed for failure to exhaust state court remedies with respect to both of his state court convictions.

## IV.    Exhaustion Requirement

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A) (2006); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court. *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). For exhaustion purposes, it also is not

enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Furthermore, a prisoner does not fairly present a claim to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised. *Id*. at 32.

A review of the record and the state appellate court's decisions reveals that Hill has not raised the claim of ineffective assistance of counsel to the state courts in either criminal case, nor has he presented any challenges to the Louisiana Supreme Court as required for complete exhaustion. On September 28, 2009, a member of the Court's staff contacted the office of the Clerk of the Louisiana Supreme Court and was advised that there have been no writ applications filed in that Court by Hill, and none are presently pending, in connection with these convictions. Hill, therefore, has not exhausted his state court remedies in connection with his ineffective assistance of counsel claim and supporting arguments in connection with either of his convictions.

The record discloses no good cause for Hill's failure to properly and fully exhaust all of his claims and the Court can find none from its review of the record. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). His petition should be dismissed without prejudice to allow Hill to pursue exhaustion of his claims in the appropriate state courts.

## V.      Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Hill's petition for issuance of a Writ of Habeas Corpus filed pursuant to Title 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 5th day of October, 2009.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**